**AUSTIN BURKE, Inc. v. CITY OF MIAMI BEACH, et al.**

No. 64-C-8312.

Circuit Court, Dade County.

September 14, 1964.

Sibley, Giblin, King & Levenson, Miami Beach, for plaintiff.
Joseph A. Wanick, City Attorney, for defendant.

MARSHALL C. WISEHEART, Circuit Judge.

*Final decree:* This cause came on to be heard, after due notice, on final hearing, and the court having heard and carefully considered the testimony of the witnesses, the evidence presented, and argument of counsel for the respective parties,

and in all respects being fully advised in the premises, the court finds, as follows —

A)  The equities are with the plaintiff.

B)  The evidence establishes that the plaintiff is engaged in the retail men's clothing business with a store located on Lincoln Road, in the City of Miami Beach, and that it has, over the years, built up a considerable trade through the medium of extensive newspaper, radio and television advertising. The right to advertise is a valuable property right and is the voice of business.

C)  The evidence establishes that the plaintiff recently discovered that approximately one-third of its working capital, in the form of inventory, had been stolen. As a result, several of the plaintiff's creditors evidenced concern regarding the plaintiff's monetary obligations to them. These considerations caused an economic emergency, affecting the plaintiff, which it truthfully advertised throughout Dade County, through the mediums previously mentioned, in order to partially liquidate inventory and raise cash. The plaintiff did not obtain a license prior to its truthfully advertising the stated emergency.

D)  Chapter 7 of the Code of the City of Miami Beach, promulgated for the purpose of prohibiting false advertising, requires inter alia obtaining a license before conducting a sale of the type conducted by plaintiff. The plaintiff and its president, Austin Burke, were prosecuted in the Miami Beach municipal court for violating said ordinance by advertising the said emergency without first obtaining a license therefor from the city clerk. The plaintiff and its president were convicted and sentenced to pay a fine of $100, plus $4 costs, or, in default of payment of such fine, be imprisoned in the city jail for 15 days. The execution of such sentence was deferred pending the outcome of this suit which ensued.

E)  Plaintiff brought this cause seeking a declaration of rights regarding the constitutionality of chapter 7 of the Code of the City of Miami Beach, and injunctive relief against the enforcement of said ordinance. This court has carefully considered the pleadings, proof, and argument of counsel for the respective parties and finds that the challenged ordinance is unconstitutional in several particulars, namely —

(1)  It constitutes and is an unlawful abridgment and restraint upon the rights of free press and speech, as constitutionally guaranteed by the first and fourteenth amendments to the United States constitution and section 13 of the Declaration of

Rights of the constitution of the state of Florida, by requiring the plaintiff, before it can exercise its valuable property right to truthfully advertise its goods for sale, to obtain a license from the city clerk of the city of Miami Beach.

(2) Section 7.5 of the questioned ordinance vests unlimited discretion in the city clerk of the city of Miami Beach to deny an applicant a license to advertise and conduct an emergency sale. No standards are specified in the subject legislation by which to measure the city clerk's administrative conduct. The city clerk is thus, in effect, established as a censor who has the unbridled power to deny one to speak freely and enjoy the valuable property right of advertising. That section of the ordinance violates due process and free speech as guaranteed by the first and fourteenth amendments to the United States constitution and sections 1 and 13 of the Declaration of Rights of the constitution of the state of Florida.

(3) The ordinance, contrary to the fifth and fourteenth amendments to the United States constitution and section 1 of the Declaration of Rights of the constitution of the state of Florida, denies due process and equal protection of the law by creating arbitrary and unreasonable classifications. The ordinance primarily establishes three classes of sales, namely — (a) liquidation or going-out-of-business sales, whereby a merchant seeks to sell his entire inventory and cease business operations; (b) end-of-season or vacation sales, whereby a merchant, upon the stated condition, seeks to sell a part of his inventory and continue business operations; and (c) emergency sales conducted upon the happening of an emergency, whereby the merchant seeks to sell a part of his inventory and continue business operations. As between these three classes of sales, the types described in (b) and (c) are similar, if not identical, in terms of classifications since both involve a partial liquidation of inventory upon the existence of a specified condition, with the underlying understanding that business operations will continue. The sale described in (a) above is different in that it entails a wind-up of business. As between these classes, the ordinance wholly exempts vacation or end-of-season sales and requires, as between the emergency type sale and the wind-up sale, the former to post a bond. There is no reasonable basis for exempting vacation type or end-of-season sales and imposing a heavier burden upon the emergency type sale. As between the emergency sale and the wind-up of business sale, reason dictates that a heavier burden ought to be placed upon the merchant who intends to sell out and close his doors forever. The ordinance, contrary to reason, places the burden of posting a bond upon the emergency sale and re-

quires none whatever for the wind-up sale. These classifications and the burdens and exemptions imposed by the ordinance are arbitrary and unreasonable, and constitute a denial of due process and equal protection of law.

(4) The challenged ordinance is contrary to the constitutional provisions specified in sub-section (3) above by virtue of the provisions of section 7.7 (a & b) and as a result of the practical application of that section; since they deny free speech, free press, are arbitrary, unreasonable and without due process of law. Under those provisions, a retail merchant, such as the plaintiff, is strictly limited in the number of unforeseen emergencies which may occur in the retail business to one such emergency in every two years. There is no such limitation placed on end-of-season or vacation sales. A merchant may enjoy good fortune and never have an emergency. Whereas, he may encounter any number of emergencies in any given period which would require a partial liquidation of inventory on sale. To limit the number of such emergencies that a merchant can have is arbitrary and unreasonable. Furthermore, if a retail merchant, like the plaintiff, truthfully advertises, without having first complied with the restraint of the ordinance by obtaining a license and is convicted in the municipal court for that offense, he is immediately disentitled to ever obtain a license to advertise a sale. The result is that once having truthfully advertised, without a license, a merchant may never honestly advertise and conduct a sale again. That condition, created by the ordinance, denies free speech, free press, and is arbitrary and unreasonable, and contrary to due process and equal protection of the law.

It is, thereupon ordered, adjudged and decreed, as follows —

1. Chapter 7 of the Code of the City of Miami Beach is unconstitutional, void, and of no legal force and effect.

2. The defendant, City of Miami Beach, its officers, agents and representatives, be and they are hereby permanently enjoined from enforcing this ordinance against the plaintiff.

3. The conviction and sentence of the plaintiff and its president, for violating chapter 7 of the Code of the City of Miami Beach, is void and the adjudication of guilt and the sentence based thereon are cancelled, set aside, and held for naught, and the City of Miami Beach, its officers, agents, and representatives, be and they are hereby permanently enjoined from in any way whatsoever attempting to enforce said sentence.

4. The court retains jurisdiction of this cause to enforce this decree.